IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clarence B. Jenkins, Jr., | ) | C/A No. 3:18-1874-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S.C. Department of Employment Workforce; | ) | |
| S.C. Budget and Control Board; Office of | ) | |
| South Carolina Governor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Clarence B. Jenkins, Jr., a self-represented litigant, filed this employment action against the above-captioned defendants. This matter is before the court pursuant to 28 U.S.C. § 636(c) and Local Civil Rule 73.02(B)(1) (D.S.C.) for final adjudication with the consent of the parties. Pending before the court is the motion of Defendant South Carolina Department of Employment Workforce ("SCDEW") to dismiss the Complaint. (ECF No. 31.)

Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Jenkins of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 33.) Jenkins filed a response in opposition. (ECF No. 44.) Having reviewed the parties' submissions and the applicable law, the court concludes that Jenkins's Title VII claim against SCDEW must be dismissed under Rule 12(b)(6) because it was not timely filed.

*PJG*

**BACKGROUND**

Plaintiff indicates that between 2011 and 2018, he sought employment with SCDEW but he consistently was rejected when he applied for jobs. (Am. Compl., ECF No. 11 at 5.) Plaintiff alleges SCDEW incorrectly barred him from applying for further positions because it "falsely applied the classification of nepotism to my master profile." (Id.) Plaintiff further alleges, quoted verbatim, " 'Barred from applying' and 'does not meet minimum qualification' applied by SCDEW and willingly known by" the South Carolina Budget and Control Board[1] and the Office of the South Carolina Governor. (Id. at 6.) By previous order, the court construed Jenkins's Complaint as attempting to assert a claim pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., for failure to hire, retaliation, and "deprivation." (Order at 1, ECF No. 17 at 1; Am. Compl., ECF No. 11 at 3-4; see also Order, ECF No. 35.)

**DISCUSSION**

**A.    Applicable Standards**

In its motion, the defendant seeks dismissal of Jenkins's claims based on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

---

[1] The South Carolina Budget and Control Board is now the South Carolina Department of Administration. See https://dc.statelibrary.sc.gov/handle/10827/29 (last visited on Jan. 4, 2019).



A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson, 551 U.S. 89, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.  **Procedural History**

Before the parties consented to proceeding before a magistrate judge for final adjudication of all matters, the assigned magistrate judge issued a Report and Recommendation determining that any claims asserted against Defendants South Carolina Budget and Control Board and Office of South Carolina Governor should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  The Report and the plaintiff's objections thereto were still pending before the assigned district judge for consideration when he referred it to the assigned magistrate judge as a consent case under § 636(c).  For the reasons contained in the Report, the plaintiff's claims against those defendants are hereby summarily dismissed.  Plaintiff's objections are without merit and do not warrant a different result.

C.  **Timeliness of Remaining Claim (Title VII Against DEW)**

After a charge is filed with the Equal Employment Opportunity Commission ("EEOC"), the EEOC must "notify the person aggrieved and *within ninety days* after the giving of such notice a civil action may be brought against the respondent." 42 U.S.C. § 2000e-5(f)(1) (Title VII) (emphasis added).  The record reflects that Jenkins received his right-to-sue letter from the EEOC on December 12, 2014 and filed his Complaint on July 9, 2018—over three years later.  (Am. Compl., ECF No. 11-1 at 5, Right-to-Sue Letter, ECF No. 11-1 at 14.)  Accordingly, Jenkins's claims are untimely.  See 42 U.S.C. § 2000e-5(f)(1).

The defendant incorrectly asserts that this deficiency deprives the court of jurisdiction.  To the contrary, the law is clear that the time requirements in Title VII are not jurisdictional, but are subject to waiver, estoppel, and equitable tolling.  Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that the timely filing of an administrative charge "is not a jurisdictional

prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling"); Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 321 (4th Cir. 2011) (noting that the "90-day filing requirement is 'not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling' ") (quoting Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006)).  Here, however, Jenkins has presented no argument to justify his failure to meet the statutory deadline.  Rather, he addresses in his response only the defendant's alternative argument that his claim is barred by *res judicata* because it could have been brought in a prior state action.  (See generally Pl.'s Resp. Opp'n Mot. Dismiss, ECF No. 44.)

Accordingly, it is

**ORDERED** that the plaintiff's claims against Defendant South Carolina Budget and Control Board and Defendant Office of South Carolina Governor are hereby summarily dismissed without prejudice and without service of process.  It is further

**ORDERED** that the plaintiff's Title VII claim against the Department of Employment and Workforce is hereby dismissed for failure to state a claim upon which relief can be granted.  It is further

**ORDERED** that all other pending motions are terminated from the docket as moot.

**IT IS SO ORDERED.**

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 4, 2019
Columbia, South Carolina