IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Clarence B. Jenkins, Jr., | ) | C/A No. 3:18-1874-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| S.C. Department of Employment Workforce; | ) | |
| S.C. Budget and Control Board; Office of | ) | |
| South Carolina Governor, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on filing of the plaintiff, Clarence B. Jenkins, Jr., a self-represented litigant, that the court has interpreted as a timely filed motion for reconsideration[1] of the court's judgment entered based on the order of January 4, 2019. (ECF No. 74.) The defendants filed a response in opposition (ECF No. 80), and Jenkins replied (ECF No. 85). The court's January 4, 2019 order: (1) summarily dismissed Jenkins's claims against Defendant South Carolina Budget and Control Board and Defendant Office of South Carolina Governor without prejudice and without service of process, (2) dismissed Jenkins's Title VII claim against Defendant South Carolina

---

[1] Jenkins's motion does not cite to a specific rule under the Federal Rules of Civil Procedure. (ECF No. 74.) However, Jenkins does clearly state that he seeks "reconsideration of the Dismissal with prejudice by Judge Paige J. Gossett on January 4, 2019." (Id. at 2.) Accordingly, the court will liberally construe Jenkins's *pro se* motion as arising only under Rule 59(e). See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Moreover, even if Jenkins had attempted to move under Rule 60(b) as well as Rule 59(e), the court is limited to analyzing the motion only under Rule 59(e). Robinson v. Wix Filtration Corp., 599 F.3d 403, 412 (4th Cir. 2010) ("[A] motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment.") (citing Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996)); Fourte v. Spencer, C/A No. 3:18-cv-2212-JMC, 2018 WL 3980209, at n.1 (D.S.C. Aug. 21, 2018) (same).

Department of Employment Workforce for failure to state a claim upon which relief could be granted, and (3) terminated all other pending motions from the docket as moot. (ECF No. 71 at 5.) Additionally, Defendant South Carolina Department of Employment Workforce has filed a motion seeking sanctions against Jenkins, which Jenkins opposes. (ECF Nos. 87, 90.)

**BACKGROUND**

Jenkins filed the instant matter in July 2018 alleging claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., against the South Carolina Department of Employment Workforce ("SCDEW"). He also purportedly raised claims pursuant to Title VII and 42 U.S.C. § 1983 against the South Carolina Budget and Control Board and the Office of the South Carolina Governor. The claims against the South Carolina Budget and Control Board and the Office of the South Carolina Governor were summary dismissed because Jenkins failed to plausibly allege that these defendants committed any acts prohibited by Title VII, and because they were immune from any claim for damages under § 1983. (Order, ECF No. 71; Report and Recommendation, ECF No. 16.) The court found that Jenkins's Title VII claims against SCDEW were untimely filed, as Jenkins received his right-to-sue letter from the Equal Employment Opportunity Commission on December 12, 2014 and filed the instant Complaint on July 9, 2018—over three years later. (Order, ECF No. 71 at 4.)

Prior to the instant case, Jenkins filed a complaint in December 2014 against the same defendants raising a sole claim of defamation. Jenkins v. S.C. Dep't of Employment Workforce, C/A 3:14-4817-TLW. On April 17, 2015, Jenkins's complaint was dismissed without prejudice for lack of subject matter jurisdiction. Id., ECF No. 17.

In Jenkins's current motion for reconsideration, he purports to submit a "jurisdictional question" to the court on whether his 2014 action, because it was dismissed without prejudice, could be re-filed without being considered untimely—the finding of the court in Jenkins's 2018 action. (ECF No. 74 at 1.)

## DISCUSSION

**A.     Applicable Standard**

The United States Court of Appeals for the Fourth Circuit has outlined three circumstances in which the court may alter or amend an earlier judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." Pac. Ins. Co., 148 F.3d at 403. "In general[,] reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Id. (internal quotation marks omitted). "[M]ere disagreement does not support a Rule 59(e) motion." Hutchinson v. Stanton, 994 F.2d 1076, 1082 (4th Cir. 1993)).

**B.      Jenkins's Motion**

Jenkins clarifies in his reply that he moves for reconsideration to accommodate an intervening change in controlling law and to correct a clear error of law or prevent manifest injustice. (Pl.'s Reply, ECF No. 85 at 2.) However, Jenkins wholly fails to identify any change in controlling law that may have an impact on the court's ruling. Accordingly, Jenkins appears to rely solely on

Page 3 of 7

PJG

the latter ground. Jenkins appears to argue that a complaint dismissed without prejudice in federal court can be re-filed to correct jurisdictional deficiencies, and that the timeliness of such a filing should not be considered by the court. (Id. at 1.)

Turning to the court's January 4, 2019 order, the only claim that was dismissed due to untimeliness was Jenkins's Title VII claim against SCDEW.[2] Even though Jenkins appears to argue that dismissal of his 2014 action without prejudice should toll the limitations period for the claims in the 2018 action dismissed as untimely, Jenkins's 2014 action raised only a claim of defamation. Jenkins v. S.C. Dep't of Employment Workforce, C/A No. 3:14-4817-TLW. Even if Jenkins had raised a Title VII claim in his 2014 action, a dismissal without prejudice would not toll the 90-day limitations period following receipt of his right-to-sue letter. Mann v. Standard Motor Products, Inc., 532 F. App'x 417 (4th Cir. 2013) ("The ninety-day statute of limitations period for Title VII actions is not tolled because the initial action was dismissed without prejudice."); Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 329 (4th Cir. 2012) ("[A] Title VII complaint that has been filed but then dismissed without prejudice does not toll the 90-day limitations period"). The law is clear that a claimant who fails to file a complaint within the ninety-day statutory time period mandated by Title VII generally forfeits his right to pursue his claims. Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-51 (1984). The court found that Jenkins filed the instant Complaint over three years after receipt of his right-to-sue letter. (Order, ECF No. 71 at 4.) Accordingly, Jenkins's argument does not support alteration or amendment of the judgment.

---

[2] The court makes no finding on the timeliness of any other claim Jenkins may be inclined to bring in a future action, as such claims are beyond the scope of the instant motion for reconsideration.

PJG

C.  **Request for Sanctions**

Defendant SCDEW moves for sanctions against Jenkins in the form of a prefiling injunction due to his alleged "vexatious conduct by filing repetitive and meritless lawsuits" against it. (ECF No. 87.) In support, SCDEW points to Jenkins's 2014 action against SCDEW that raised a claim of defamation based on facts that are "substantially similar" to the instant action.[3] (Id.) Additionally, SCDEW argues that Jenkins's communications with SCDEW and its counsel have been of a harassing nature, and that SCDEW's having to continue to defend against Jenkins's claims is a waste of government resources.

Federal courts have the authority to issue pre-filing injunctions against litigants. See Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). However, courts "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." Id. at 817-18 (internal quotation marks omitted). Further, a district court may not impose an order of pre-filing review *sua sponte*. See Pardo v. Fed. Corr. Inst.-Petersburg, No. 94-6035, 1994 WL 95888, at *2 (4th Cir. Mar. 23, 1994) (finding that a litigant must be notified and given an opportunity to object to the imposition of an order of pre-filing injunction). In deciding whether to issue a pre-filing injunction, a court must consider the following factors: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the

---

[3] SCDEW also notes that Jenkins filed an action in state court that was similar to his 2014 federal action.



burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Cromer, 390 F.3d at 818.

Considering the factors outlined above, the court declines to award sanctions at this time. Notably, Jenkins's 2014 action against SCDEW was summarily dismissed without issuance and service of process, and thus it required no use of litigation resources on SCDEW's behalf. Additionally, Jenkins's instant Title VII claim survived initial review pursuant to 28 U.S.C. § 1915(a) but was ultimately dismissed as untimely, and discovery was held in abeyance pending issuance on the court's ruling on SCDEW's motion to dismiss, requiring relatively minimal litigation resources on SCDEW's part. Moreover, the court finds that, in this instance, Jenkins's history of filing two federal lawsuits with similar facts but raising different claims does not rise to the level such that sanctions are appropriate. Further, it does not appear that Jenkins files cases in this court with a malicious intent.

Mindful of Jenkins's *pro se* status in this matter, the court hereby directs Jenkins's attention to the requirements outlined in Rule 11(b) of the Federal Rules of Civil Procedure, and cautions Jenkins that frivolous or repetitive future filings may result in appropriate sanctions against him.

It is therefore

**ORDERED** that Jenkins's motion to alter or amend the judgment is denied. (ECF No. 74.) It is further

**ORDERED** that Defendant SCDEW's motion for sanctions is denied. (ECF No. 87.)

PJG

**IT IS SO ORDERED.**[4]

                                                                                        _____
                                                                                        Paige J. Gossett
                                                                                        UNITED STATES MAGISTRATE JUDGE

August 28, 2019
Columbia, South Carolina

---

[4] To the extent Jenkins has submitted filings seeking relief from the district judge formerly assigned to this matter (ECF Nos. 75 & 81), such filings should be terminated as improper appeals, as Jenkins consented to the assigned magistrate judge's conducting all proceedings and entering final judgment in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (See Consent Form, ECF Nos. 49 & 49-1.) Thus, his avenue of appeal is to the Fourth Circuit, not the previously assigned district judge. 28 U.S.C. § 363(c)(3).